**Jason MONZACK, Trustee
for Robert Hart**

v.

**Upton SAVOIE.**

**No. 96–210–Appeal.**

Supreme Court of Rhode Island.

Nov. 20, 1997.

J. Ronald Fishbein, Providence.

John T. Walsh, Jr., Cumberland, Lawrence P. McCarthy, Providence.

### ORDER

This case came before the Supreme Court for oral argument on November 4, 1997, pursuant to an order directing the plaintiff, Robert A. Hart, to show cause why the issues raised by his appeal should not be summarily decided. The plaintiff has appealed from a Superior Court order dismissing him as a party plaintiff in a legal malpractice action.

After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The defendant, Upton Savoie, Esquire, allegedly mishandled the legal agreement indemnifying plaintiff from corporate liability in exchange for his 50 percent stock holdings in a corporation. When the company later ceased operating, the Internal Revenue Service assessed plaintiff for unpaid corporate withholding taxes. The plaintiff filed for personal bankruptcy in 1987, and on August 20, 1991, filed this legal malpractice action against defendant. The defendant sought summary judgment on the issue of standing, correctly contending that the right to sue belonged to the bankruptcy estate, not to plaintiff. Subsequently, defendant agreed to pass on the summary judgment motion if Jason Monzack, the trustee in bankruptcy were substituted for plaintiff. However, at the hearing on the substitution motion, plaintiff's attorney obtained permission to add rather than substitute the trustee. This order was later vacated, and plaintiff properly was dropped from the suit inasmuch as the trustee was the appropriate party in interest, and the claim was an asset of the bankruptcy estate.

Therefore, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.